NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE CORBETT,<br><br>  Plaintiff,<br><br>v.<br><br>B. SCOTT and CORRECTION OFFICER NEVES,<br><br>  Defendants. | No. 23cv1359 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Terrence Corbett, a pre-trial detainee in Hudson County Jail, New Jersey, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against Defendants Director B. Scott and Officer Neves, Hudson County Jail employees. D.E. 1 ("Compl." or "Complaint"). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 3, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will allow the Complaint's failure-to-protect claim against Officer Neves to **PROCEED**[1] but will **DISMISS** *without prejudice* the unreasonable force claim

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

against Officer Neves.  The Court will **DISMISS** *with prejudice* the claim against Director Scott for not responding to Plaintiff's grievances.

I.    BACKGROUND[2]

Officer Neves approached Plaintiff on January 30, 2023, and asked about an injury to another detainee, Lopez.  Compl. at 5.  According to Officer Neves, Lopez told Officer Neves "not to worry about the mark on [Lopez's] eye the problem was taking [sic] care of and that it was with one of the other workers on the unit."  *Id.*  Officer Neves then asked Plaintiff about bruising on Plaintiff's face.  *Id.* at 6.  Plaintiff told Officer Neves he was "good but not that good" and that there was nothing on Plaintiff's face.  *Id.*  Officer Neves asked Plaintiff if he knew who had injured Lopez, but Plaintiff refused to say anything and walked away.  *Id.*

Twenty minutes later, another detainee approached Plaintiff and asked if Plaintiff had been talking with Officer Neves about Lopez.  *Id.*  Plaintiff responded that Officer Neves had claimed Lopez told him about the fight.  *Id.*  Lopez denied telling Officer Neves anything.  *Id.*  Later that evening, Lopez confronted Plaintiff saying that Officer Neves told him that Plaintiff had talked with Officer Neves about the fight.  *Id.*  Plaintiff and Lopez called Officer Neves over and asked him to explain the situation.  *Id.* at 6-7.  Officer Neves stated that when he asked Plaintiff "did you and Lopez get into it because I know y'all had a problem the last time I was here," Plaintiff "said no and smiled." *Id.* at 7.  Plaintiff vehemently denied this version of events, but Lopez and his friends "start[ed] yelling and threatening [Plaintiff] saying you out here you rat."  *Id.*  Officer Neves then loudly said "y'all know [there's] a lot of rats on this unit and they tell everything . . . ."  *Id.*  Plaintiff states a fight broke out between one of his friends and one of Lopez's friends because Lopez believed Plaintiff had "ratted him out to" Officer Neves.  *Id.*

---

[2] This section derives from the well-pled factual allegations in the Complaint.

2


Plaintiff broke up the fight, and Officer Neves ran over and pepper-sprayed the group. *Id.* at 8. Officer Neves called a Code Yellow, which caused a lockdown of the unit and all of the staff to come over. *Id.* The detainees were treated for their exposure to pepper spray and sent back to their cells. *Id.*

The next morning, another detainee told Plaintiff that Lopez was planning to stab him because Officer Neves had implied Plaintiff snitched. *Id.* Plaintiff tried talking with Lopez to resolve the situation, but Lopez pulled a weapon out. *Id.* Plaintiff started punching Lopez. *Id.* Lopez fled, and Plaintiff pursued and fought Lopez until staff[3] arrived to break up the fight. *Id.* Plaintiff slipped on a can of pepper spray during the fight, causing him to "punch the floor" and injure his thumb. *Id.* at 8-9. Plaintiff needed surgery and two pins were put into his hand. *Id.* at 9. Plaintiff wrote to Director Scott to tell her what happened and asked her to check the videos. *Id.* He told Director Scott that Officer Neves "need[s] to be terminated before he get[s] someone killed or kills someone [sic] he lie to start trouble . . . ." *Id.*

Plaintiff filed this Complaint seeking $150,000,000 in damages for the injury to his hand and for Officer Neves putting his life in danger. *Id.* He asserts that Director Scott never responded to his letter. *Id.* at 4. He also alleges Officer Neves used an unreasonable amount of force. *Id.* at 10.[4]

---

[3] The Complaint is unclear as to what force was used to break up the fight or Officer Neves' role in breaking up the fight.

[4] Because it is unclear whether Plaintiff is referring to the use of force during the Code Yellow when Officer Neves pepper-sprayed the group, *id.* at 7-8, or during his fight with Lopez, *id.* at 8-9, to which the Complaint does not specify the force used nor Officer Neves' role, the Court will address both.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III. ANALYSIS

### A. Plaintiff Has Stated a Failure-To-Protect Claim Against Officer Neves

Plaintiff alleges Officer Neves put his life in danger by implying Plaintiff was a "rat" in front of the entire unit. Compl. at 7. Plaintiff asserts Officer Neves' statement led to Lopez

4

attacking Plaintiff and Plaintiff injuring his hand when defending himself. *Id.* at 8-9. The Court interprets this as a failure-to-protect claim pursuant to the Fourteenth Amendment.

"Under the Due Process Clause [of the Fourteenth Amendment as applied to state pre-trial detainees], prison officials have a duty to 'take reasonable measures to guarantee the safety of the inmates' and 'protect prisoners from violence at the hands of other prisoners.'" *Brown v. Smith*, 2022 WL 2383609, at *1 (3d Cir. July 1, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "However, prison officials are not liable for every injury caused during an inmate-on-inmate assault. A prison official cannot be found liable for failure to protect an inmate unless the official was deliberately indifferent to the risk." *Id.* (internal citation omitted). "[A]n official demonstrates deliberate indifference to the risk of inmate-on-inmate violence if, before an attack, the official knows an inmate faces 'an excessive risk of harm' from another prisoner but does nothing to prevent the assault." *Id.* (quoting *Bistrian v. Levi*, 696 F.3d 352, 369 (3d Cir. 2012), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020)).

Accepting the facts alleged in the Complaint as true and giving Plaintiff the benefit of all reasonable inferences, he has stated a failure-to-protect claim against Officer Neves. Here, Plaintiff alleges that Officer Neves told Lopez that Plaintiff had told him about Lopez's fight and implied Plaintiff was a "rat" in front of Plaintiff's entire unit. Compl. at 6-7. "Courts in the Third Circuit have recognized that being labeled a 'snitch' may constitute an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate." *Williams v. Thomas*, 2013 WL 1795578, at *5 (E.D. Pa. Apr. 29, 2013) (citing cases).[5] "An inmate being labeled a snitch creates a substantial risk of harm." *Rodriguez*

---

[5] Although the Fourteenth Amendment governs Plaintiff's claims as he is a pre-trial detainee, the Third Circuit "has applied the same standard to a failure-to-protect claim under the Fourteenth

5

*v. Hayman*, 2009 WL 4122251, at *7 (D.N.J. Nov. 23, 2009). A reasonable factfinder could conclude that accusing someone of being a snitch in front of their entire unit shows deliberate indifference to the consequences of that accusation. Therefore, Plaintiff has sufficiently alleged that Officer Neves disregarded a known or obvious consequence of his actions. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). The Court will allow this claim to proceed.

### B. Plaintiff Has Not Stated an Unreasonable Force Claim Against Officer Neves

At the end of his Complaint, Plaintiff states he seeks damages for "being pepper spray[ed] and excess use of force." Compl. at 10. It is unclear whether Plaintiff is referring to the use of force during the Code Yellow when Officer Neves pepper-sprayed the group, *id.* at 7-8, or when the staff broke up his fight with Lopez, *id.* at 8-9, to which the Complaint does not specify the force used nor Officer Neves' role in breaking up the fight. Regardless, Plaintiff has not stated a claim arising from either event.

"[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397. Among the factors to consider are "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably

---

Amendment as under the Eighth Amendment." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014)

6

perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The facts alleged in the Complaint do not support a plausible inference that Officer Neves used unreasonable force against Plaintiff. In both situations, there was an active fight between detainees that involved a weapon. Compl. at 7-9. Plaintiff was an active participant in the second fight, albeit in self-defense. *Id.* at 8-9. Based on the alleged facts, the Court cannot conclude using pepper spray to contain the first fight or the staff's unspecified conduct in breaking up the second fight was objectively unreasonable. The Court will dismiss this claim without prejudice, as Plaintiff may be able to allege facts that would address the noted deficiencies.

### C. Plaintiff Has Not Stated a Claim Against Director Scott

Plaintiff alleges Director Scott has not replied to his letter about Officer Neves or investigated the incident. *Id.* at 4. This is not a valid Section 1983 claim. "[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [Plaintiff] cannot maintain a constitutional claim against [Director Scott] based upon his perception that she ignored and/or failed to properly investigate his grievances." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (per curiam) (internal citation omitted). The Court will dismiss with prejudice Plaintiff's claim regarding the handling of his grievances.

7

## IV. CONCLUSION

For the reasons stated above, the Court will allow the Complaint's failure-to-protect claim against Officer Neves to **PROCEED** but will **DISMISS** *without prejudice* the unreasonable force claim. The Court will **DISMISS** *with prejudice* the claim against Director Scott for not responding to Plaintiff's grievances.

An appropriate Order accompanies this Opinion.

 1/25/2024  
Date

*Evelyn Padin*  
Evelyn Padin, U.S.D.J.